IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 8, 2000

## NASSEL BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-21396     James C. Beasley, Jr., Judge**

_____

**No. W1999-01558-CCA-R3-PC - Filed October 24, 2000**

_____

The petitioner, convicted of one count of rape of a child and sentenced to fifteen years, appeals from the trial court's order dismissing his petition for post-conviction relief. He argues that his trial counsel was ineffective for failing, inter alia, to investigate his case and for failing to interview and subpoena certain witnesses. We conclude that the petitioner has not demonstrated that the trial court erred. Therefore, we affirm the order dismissing his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Christie Worley-Stephens, Memphis, Tennessee, for the appellant, Nassel Brown.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paula Wulff, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The petitioner, Nassel Brown, appeals from a Shelby County trial court's order dismissing his petition for post-conviction relief. Convicted in 1996 of one count of rape of a child, the petitioner was sentenced to fifteen years incarceration. Now serving that sentence, the petitioner has filed a post-conviction petition alleging ineffective assistance of counsel. In consideration, the Shelby County trial court conducted an evidentiary hearing and found that the petitioner's claim had no merit. Accordingly, it dismissed the petition. Now, on appeal to this Court, the petitioner argues that this disposition was in error and asks this Court to reverse the decision of the trial court. After careful review, we find that the petitioner has not demonstrated that the trial court erred. Therefore, we affirm the trial court's order dismissing the petition.

## Facts

As background, on January 12, 1996, the petitioner was convicted by a Shelby County jury of one count of rape of a child and sentenced to fifteen years incarceration.  On November 13, 1997, this conviction was affirmed by a panel of this Court.  See State v. Nassel Brown, No. 02C01-9606-CR-00187 (Tenn. Crim. App. filed Nov. 13, 1997, at Jackson).   Less than one year after our state's supreme court denied the petitioner's application for permission to appeal, he filed this petition for post-conviction relief.  The Shelby County trial court, considering this petition, held an evidentiary hearing on November 4, 1999.  The facts relevant to this appeal were established at this hearing.

At the hearing, the petitioner testified at some length.  He identified at least five different witnesses that, in his judgment, his trial counsel should have subpoenaed and called to testify.  In his estimation, several of these witnesses would have stated that, for the most part, the defendant was not around the victim during the relevant time period.  Further, he stated that the testimony of one of these witnesses, the victim's mother, would have been especially helpful. Second, the petitioner testified that his trial counsel failed to advise him of his possible sentence.  Third, he testified that his counsel failed to act properly when, at trial, a health department official testified.  Fourth and finally, he complained that his trial counsel failed to investigate a similar complaint in the victim's past.

In response, trial counsel, Diane Thackery, testified.  She testified to her experience in similar cases as well as to details of the defendant's case.  She explained her decisions not to call certain witnesses.[1]  Also, she stated that she advised the petitioner of his possible sentence and explained that the petitioner, preferring a trial, seemed unwilling to accept any plea offer. Finally, after some investigation, she found no confirmation in the petitioner's claim that the victim had a similar incident in her past and therefore chose not to pursue that angle at trial.

After hearing this testimony and, in fact, conducting its own thorough examination of both witnesses, the trial court made the following findings of fact and dismissed the petition:

> [I]t appears to me that from the proof that I've heard, that Ms. Thackery interviewed every witness that the state had, including the victim, child victim, and her mother; interviewed anybody that the defendant gave her as a potential witness that might be of benefit or help.
>
> . . . .
>
> With regard to the punishment involved, the indication was that Mr. Brown's position all along was, I don't want an offer.  I want to go to trial.  He rejected any offers.  Ms. Thackery indicated she explained the potential punishment and

---

[1] Trial counsel stated that, in her judgment, several of the witnesses identified by the petitioner would not have been helpful, that the mother of the victim was not credible and showed up at trial visibly drunk, and finally that another of these witnesses was never brought to her attention.

what might happen, and Mr. Brown's position was, he wanted to go to trial which is his right.

. . . .

The criteria in these hearings, post-conviction hearings, is, did counsel represent the defendant in a proper manner, and if counsel did not, did that misrepresentation or poor representation affect in such a way the outcome of the trial or the verdict of the jury that it would have been different if a lawyer had conducted themselves properly under the guidelines set out in <u>Baxter v. Rose</u>.

This Court's of the opinion, after the hearing that I've heard, that Ms. Thackery conducted herself in a proper fashion; that she did give effective representation to Mr. Brown; that she did prepare adequately for the trial; that she did conduct the trial in a manner that was appropriate; that there were the issues – the appropriate issues were attacked; the appropriate issues – the jury ruled in favor of the state's proof.

And there is no indication that I have that would indicate to me that Ms. Thackery rendered ineffective assistance of counsel to Mr. Brown or that she did anything that affected the outcome of this trial.

From this ruling, the defendant now appeals.


**Analysis**

The petitioner presents only one question for review: Did the trial court err in dismissing his petition for post-conviction relief which alleged ineffective assistance of trial counsel? After review, we affirm the trial court's order dismissing the petition.

This Court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975) and <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. See <u>Strickland v. Washington</u>, 104 S.Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Overton v. State</u>, 874 S.W.2d 6, 11 (Tenn. 1994); and <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990). To demonstrate prejudice a defendant or petitioner must show that there is a reasonable probability that but for counsel's error the result of the proceeding would have been different.

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. See <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. See <u>Strickland</u>,

104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); and Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. See Strickland, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); and Goad, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." See Strickland, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. See Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley, 958 S.W.2d at 149; and Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Further, the petitioner's burden of proof in all post-conviction cases filed after May 12, 1995, is one of clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts must indulge a strong presumption that counsel's conduct falls within the range of reasonableness. Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler, 789 S.W.2d at 899; Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the findings unless the evidence in the record preponderates against them. See Henley, 960 S.W.2d at 578. That burden lies with the petitioner. See id. at 579.

Here, the trial court made clear and cogent finding of facts and the record supports those findings. When a claim of ineffectiveness depends upon what witness X or Y would have testified to, then it is incumbent upon the petitioner to have those witnesses testify at the post-conviction hearing when possible. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Otherwise, the trial courts are left with only the bare allegations of the petitioner or a second-hand account or best guess as to what the witnesses would or would not have said. Such is insufficient proof to carry the petitioner's burden of showing ineffectiveness of counsel. Therefore, the petitioner has failed to demonstrate that the trial court erred in its findings of fact.

We have further reviewed the claims of the petitioner as relates to his assertions that trial counsel failed to inform him of the range of punishment prior to his opting for trial, the failure of counsel to exploit allegations that the rape victim had two years previously made a similar claim of rape, and counsel's failure to take steps to stop the prosecution from leading state witnesses. First, in his post-conviction hearing, the uncorroborated testimony of a petitioner is not sufficient to carry the burden of proof where the judgment is regular upon its face and entitled to the presumption of validity. See State v. Kerely, 820 S.W.2d 753, 757 (Tenn. Crim. App. 1991). Second, in the instant case trial counsel offered testimony which, in fact, contradicted the assertions of the petitioner. Questions concerning the credibility of witnesses and the weight and value to be given to their testimony was resolved by the trial court, not this Court. See Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates

4

otherwise on the petitioner. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755. Hereto, the petitioner has failed to demonstrate that the trial court erred. For these reasons, we affirm the order dismissing the petition for post-conviction relief.

## Conclusion

Accordingly, the order dismissing the petition is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE